Okay, our final case this morning is 22-3066 United States v. Wesley. You may commence. Thank you. Good morning. May it please the court, Kayla Gassman for the appellant, Monterio Wesley. This appeal concerns the district court's dismissal of Mr. Wesley's motion to reduce his sentence under 18 U.S.C. 3582 C1A1. That's commonly called the compassionate release statute. The district court ruled that it did not have jurisdiction to consider Mr. Wesley's evidence that the prosecutor in the case suborned perjury and attempted to coerce witnesses to lie to inflate the drug quantity involved in the offense as an extraordinary and compelling reason to reduce his sentence under that statute. Instead, the district court said that Mr. Wesley's motion really attacked the validity of his conviction or sentence and had to be brought as a constitutional challenge under 2255. We think the district court was wrong about both statutes, 3582 and 2255. To first address 3582, the text, the purpose, the context, the history of the statute, as well as this court's precedent interpreting that statute all established that the district court was wrong to add its own extra textual limitations on categories of reasons that can be considered in the extraordinary and compelling reasons analysis. So first, I think we start with the most important place for any statutory interpretation, which is the plain text of the statute itself. The 3582 allows for a reduction if the district court finds that extraordinary and compelling reasons warrant that reduction. There are, I would say, two sort of restrictions or limitations on this relief. One is the requirement, also in 3582 C1A1, that any reduction be consistent with applicable sentencing commission policy statements. I think as we all know by now, there is not an applicable policy statement in this case. Well, there is a large body of case law, habeas case law, and a more specific statutory provision, 2255, that gives an avenue for relief for trial errors. And, you know, basically your argument is attacking the foundation of conduct that occurred at trial, you know, during the determination of the drug quantities. And your client could have challenged those in a habeas proceeding but did not. And now we're over here under 3582, basically entertaining the same argument, going to basically the constitutionality or the sufficiency of the evidence, maybe is a better way to put it, in this case of the drug quantities, basically saying that the U.S. attorney subordinated perjury that would basically undercut the entire sentence that was received at trial. So why isn't this case just, you know, your argument's just a mirage of habeas appeal and that really we're in second successive land and not in a sense reduction land. So there is a lot in that question. I know, there's a lot in this case. So first of all, you know, I think this type of argument could be brought as a habeas petition. I think in the specific circumstances of this case, it couldn't have. It was too late. The witnesses didn't come forward describing this conduct by prosecutor until I think late 2020, which was well after the one-year period that Mr. Wesley would have had. He did file a first-degree. What if he's been aware of it and, you know, failed to meet the statute of limitations? Does that change your argument at all? I mean, I don't think it does because our position is that it's just unrelated. So 2255, I think the key in this case is to recognize the distinction between 2255 and 3582. I also think the large body of dealing with, you know, how things that are raised in other ways are really successive habeas petitions are things like 1983 or like civil rights statutes that have, you know, a broad, you know, type, a broader type of variety of relief that can be granted. So here we're talking about 2255, which is someone brings a 2255 petition. If they have allegations to invalidate their conviction or sentence, they seek to eviscerate that judgment. They're arguing, you have no authority to hold me because of some constitutional or legal violation that occurred in my case. So you have to fix it or let me out. So for example, if that was a sentencing error in a habeas proceeding, if the court finds that violation occurred, the court has to grant relief. The court has to invalidate the judgment. And to continue to hold that person, the court has to have a new sentencing hearing, including perhaps a new PSR, new objections, new witnesses, perhaps, you know, a different mandatory minimum or statutory maximum, depending on the error. And the court has to impose a new sentence. But that's a bit what you're arguing here. You're saying because of these trial errors, you know, my client's sentence should be zero because... Absolutely not. It can't be zero. Well, but you're going to, if we remand, if we rule for you in remand, you're going to have, evidentiary hearing, I suppose. Well, we asked for that. I think that would be up to the court. I don't know that anyone has disputed the allegations thus far. Would it be abuse of discretion not to grant an evidentiary hearing? I think that would depend on the district courts, what the district court said about, you know, ruling on, because the district court has never said whether or not these would be extraordinary compelling reasons if the conduct occurred. The district court just said, I can't consider it. So I think it would depend... But if she said no, you'd be back up here saying that would be an abuse of discretion. I think it would depend on what he said. I think there were ways that he could have resolved this that, you know, would not have been abuse of discretion. But what he did say was I can't consider these allegations at all. And I do think it's important to contrast the relief, the scope of relief available under 3582 with 2255. So all that anyone can ask for under 3582 is a reduction in the term of imprisonment. You cannot invalidate your conviction. You cannot invalidate your judgment. The sentence remains, it's a modification of an otherwise final sentence. The sentence remains final for all other purposes. So if you get a new judgment under 2255, you get a new three-sentencing hearing. You get to be present. You get to make all your arguments. And then there's a new judgment that's new for purposes of further 2255 proceedings, if there was, for example, another error. None of that is true under 3582. The sentence remains, the judgment is not a new judgment. It's just a reduction of an otherwise final case. Would any trial error be fair game under 3582? I don't think this court needs to reach that, because that's not what our argument was. I mean, that's the, you know, what's your limiting principle? I mean, I think our limiting... Suborning perjury is pretty bad, you know, in sentencing, but so is ineffective assistance of counsel or double jeopardy or some other trial error. I think our limiting principle is the sentence modification context. So 3582 allows a reduction, a modification of a sentence. So at least I would think the error would need to be related in some way to the length of the sentence or the fairness of the sentence. Well, the argument, well, okay, that's fair. So if the argument was, I was convicted because of a perjurous witness, you know, the argument you'd make is, well, he would have gotten sentenced at all, because there wouldn't have been a lawful conviction. Potentially. I think that's a much... Incarcerated because of trial error. I mean, I understand that, but I don't think that's this case, because Mr. Wesley's allegations are all about sentence-related prosecutorial misconduct. So some of them, some of the perjury happened at the trial, but it was all geared towards inflating the drug quantity for sentencing purposes. And that's what he's raised, and that's what the allegations are. I get that, but to get over, to bring your sentencing argument into 3582, how am I going to write an opinion that limits what can be considered by a compassionate release court to sentencing error? Because, you know, the logic of your argument is basically any piece of, any fact, any piece of evidence can be argued in a compassionate release, and we're going to leave it to the discretion of the district court to sort it out. I don't think it's for this court to rewrite the statute.  The only categorical limitation that Congress included was the one in 994T in its directive to the Sentencing Commission that rehabilitation alone is not sufficient. And again, it's important. It's not that rehabilitation is not relevant. It's that rehabilitation alone is not sufficient. That's the only restriction that Congress created. So I think there's no need for this court, or, and it was particularly inappropriate for the district court, to add others that are not in the text of 3582, and are not in the text of Congress's directives to the Sentencing Commission to describe, you know, extraordinary and compelling reasons. Well, you know, I don't want to put words in your mouth, but it does seem to me that I don't think you need a limiting principle here at all under the logic of your argument. I think you, you know, I think you just say anything goes in 3582. Well, I think it's that Congress did. Other than rehabilitation. Other than rehabilitation. But that's the choice that Congress made, and I think that that's in keeping with the purpose of what 3582 is. And it's also important to remember, so, you know, the habeas restrictions exist, you know, the number, there's restrictions on when you file, the number of motions that you can file under 2255 or other habeas statutes, because those are to advance finality. Those rules exist to advance finality. So this court has acknowledged that 3582 is an exception to finality. It is a congressionally enacted, purposeful, intentional exception to the finality of a sentence. So I think it's particularly inappropriate to, you know, kind of entort habeas principles, which are a completely different purpose and serve a completely different role into 3582 when Congress didn't do that. If we revamp it and you go back and have an evidentiary hearing and satisfy the district court that there was perjury, I have two questions. One, must the district court grant you some relief upon that finding? And secondly, would that finding generate a second or successive, you know, the grounds for a second or successive habeas petition? So on the first one, of course not. I mean, that's another important distinction between 2255 and 3582. If the district court finds a violation under 2255, it has to grant relief. There's no discretion. Under 3582, the district court never has to do anything. It's entirely within the court's discretion. Do we review that for abuse of discretion? This court has reviewed compassionate release grants or denials for abuse of discretion. Would it be an abuse of discretion not to give a sense of protection? I think it would depend on what the district court said. I mean, I would imagine if district court found that this conduct occurred and still denied relief, it would have some explanation as to why it did that. For example, I think the court could have said, you know, I was here for this trial. I'm comfortable with these drug quantities. You know, you're raising some allegations of perjury. But I just, you know, I don't think that that made a big enough difference. Or something like that. You know, I hate to put words in his mouth because he didn't say those things. But I think he could say those things. He could also just deny under the 3553a factors in this court and not say anything about extraordinary and compelling reasons. And this court has told us repeatedly that's fine. I think that'd be a stretch to not grant relief under 3553a. But this court has said repeatedly the district courts can skip the first step entirely. And so, I mean, we might try to argue that that was inappropriate, depending on what the court said. But I think there are ways that the district court is not obligated to grant relief. And let me answer your second question and then reserve my time. I think Mr. Wesley would probably be out of time for a successive 2255. I mean, you know, I don't want to definitively answer that question because I think those are very complicated rules. And I think it would depend on exactly what came out and when. There's a lot of factual findings that could, you know, affect that determination. But as far as I understand it, I think he would probably be out of time. Let me ask you one question. I'll give you some rebuttal. And that is, does any of this matter? And I understand it's what is alleged against AUSA Moorhead, I guess it is, is serious. But the pressured testimony, that's, you could throw that out and the guideline calculation comes out exactly the same. He pleaded guilty to a 841B1A, 10 to live. And so I guess I'm left with the question, so what? So I think the court, I understand that. So I think our argument was that we have evidence from some witnesses of this coerced testimony and we would like to have an evidentiary hearing to find out whether there was additional coerced testimony from additional witnesses that would potentially undermine that overall drug quantity finding. And I would say the district court, I think, could have said that. I think if the district court had reasoned the way that you just did and that was his reasoning for denying the motion, I think we would have a very different case. He didn't say that. Well, you've identified some. You have a couple of witnesses who say she pressured me and one of the three, I think, said I didn't end up lying. But the others were, well, she threatened the prosecutors unless we said this or that. To this amount, I don't see anything as far as a free-ranging call every person who has ever interviewed about drug quantity for an evidentiary hearing. That seems really excessive. I don't think that that's what we would be seeking to do. So in particular, there were two sort of lead co-defendants or co-conspirators who testified about drug quantity. And what's the total weight that they testified about? The district court found over 150 kilograms. Well, that's what the district court found. But the district court didn't have to rely on either of those two witnesses to find more than 150 kilograms. But I believe that he did. And he said in his order denying or dismissing Ms. Urela's motion, he said that he did rely. He relied on Humphrey. Well, wait a minute. Wait a minute. Here's my question. Did the district court need the quantities from those two witnesses to get to more than 150 kilograms? And I think the answer to that is no. I think we may be talking about different witnesses. So there were Holman and Grigsby are the witnesses who have come forward and said that Moore had coerced them to lie. There were two additional witnesses who gave a lot of testimony about drug quantity, which was Humphrey and Santa Anna. So those two have not said anything. There's just been silence from them on whether there was pressure from Moorhead. I think what we would want to explore was whether the pressure on Holman and Grigsby and Matches also extended to the two witnesses that were more important, which is Santa Anna and Humphrey. There is no end in sight then. I don't think that's true. You go back and you talk to everyone who was ever involved in this drug transaction and you recalculate. I don't think that's true. I also think that if the district court said what you just said, I don't think that these allegations that you've come forward with, I don't think that this leads me to need to have an evidence of your hearing for the reasons that you just said, I think that would be a different case. He didn't say that. He just didn't say that. I think that indicates it could potentially affect his determination on whether he needs to have a hearing or not if these are permissible considerations under 3582. Thank you. Thank you, counsel. I will give you some rebuttal. Thank you. Good morning, Your Honors. May it please the court. Jared Magg on behalf of the United States. What the defendant is asking this court to do, I think, would be a significant change in how 3582 is designed to work. The defendant relies on a case called United States v. McCoy. And I think it's important to remember what the court said about the purpose of 3582C1A in the Fourth Circuit. They said it's to provide a safety valve that allows for sentence reductions when there's not a specific statute that already affords relief. I think that's important because as Judge Tempkowicz, as you, I think, are cognizant of here, they're asking this court to turn 3582 into essentially a 2255 proceeding. And you've raised the idea that there may be a broader range of issues that could ultimately be raised here. So I'll take this to the extreme. But I think the extreme informs the problem that exists here. So take, for example, someone who is convicted. If the defendant, the way that they're arguing this, wants this statute to work, the individual gets convicted and decides to abandon direct appeal and decides just a few years later to simply file a 3582C1A motion for extraordinary and compelling reasons. And within that, they raise numerous trial errors. They do not have to abide by any of the established rules, such as forfeiture, waiver, standards of review, say, sufficiency of the evidence, and a Jackson standard. All of that is off the table when someone raises it under 3582. So if you allow the defendant's argument to take it to its logical extreme, which is possible here if the court were to find that you could raise these types of trial errors in a compassionate release motion, you open the door to that possibility. Now, that is the extreme, but it informs the problem that exists here. Because when you look back at the historical basis for this particular statute, again, it was always designed to address those issues generally with age, family, health types of issues. But it was designed post-sentencing to deal with issues that have impacted the overall sentence of the defendant. And that is generally seen in the last several years where this statute is used, particularly in cases like Mau Mau and others that are similarly situated to massive changes in sentencing law, to where it doesn't necessarily change the validity of the underlying conviction, but it does impact the overall sentence. You see that both in 924C cases, career offender cases, because those are significant changes in sentencing law. What? Well, our Mau Mau case did open the door to a fairly broad range of considerations under these motions. And U.S. Supreme Court in conception suggested that, you know, all legal and factual matters can be considered. So you can see a way that this argument can be shoehorned into those two cases. And then, you know, there really is no textual limitation here. And of course, the Sentencing Commission has been on the sidelines for half a decade and hasn't given us any help. But, you know, why isn't there kind of a path that they can weave based on our case law and based on just the plain text of the statute? Everything comes in at the district court. We're going to let the district court judges sort it out. And, you know, it's not going to overly burden the system. And, you know, maybe Congress should have written a better statute, but it didn't and here we are. Two answers to that. One, there is nothing to suggest that Congress intended this statute to override the more specific statutes that really apply to these circumstances. That's very clear. Secondly, discretion still has to be bounded by established rules. And those rules have to exist to channel the proper arguments through the proper statutes. And in this case, the proper statute is clearly 2255. To put it another way, and I think this is really the most important sort of point to make here, and I think this is a point you made, Judge Tempkowicz, is if the lower court is going to grant compassionate release here, even if this court were to grant compassionate release, you would have to conclude that there was, in fact, misconduct, which then raises a real challenge to the invalidity of the conviction or the sentence imposed. And is the district court, is this court then duty-bound to essentially render the sentence null and void? It's one thing to say, I find misconduct and I find that it was egregious misconduct in such a way that I think there should be relief, but I have discretion under 3582 and I would otherwise not grant you that discretion. So you can see the problem that exists here when you begin to graft these types of arguments onto 3582, because the only standard that the court abides by is compelling and extraordinary circumstances. And then the analysis under 3553A, when you have that... Wesley may push back and say, well, I'm not challenging the validity of the conviction. You know, I don't want a new trial. I'm just seeking a sentence reduction under this separate path that Congress has given me. And I'm not even challenging the validity of the first sentence. It's fine. I got 30 years. I'm just asking for compassionate reduction on these facts. I mean, so, you know, if the validity of the conviction is off the table, why can't they use 3582 as a vehicle for this relief? Because again, I think it gets around the more specific statute. That's clearly our strongest argument here, is that when you open that door to allowing those types of arguments into a statute that really has no boundaries, and if you allow this to occur, not only are you somewhat saying that the commission's boundaries that are established, and this court is not bound by, but still many of the courts look to those boundaries to determine whether or not something is extraordinary and compelling. And remember, we're talking about compassionate release. We are looking at cases that are post-sentencing. And I can't stress that enough. Remember, the courts are very clear that these are circumstances where the playing field, as it were, has changed in the sentencing scheme for the individual that was beyond their control. And that largely is changes to guidelines, changes to statutes, finding laws that may no longer be in the 924C context as draconian as they were with the stacking issues. Those clearly are issues that were beyond the control, but it does not impact the validity of the underlying sentence. As much as the defendant wishes this court to believe that they are not attacking the underlying validity, they are. And again, I get back to the issue. You could not grant relief here unless you found misconduct. That is inherent in the argument. Of course, they're challenging it. And they're challenging the constitutionality of the sentence that was imposed in this case. That is a more specific statute. He should have raised a second and successive petition based upon newly discovered evidence under 2255H. He didn't do it. And now he wants this court to give him relief by funneling this through 3582, which is not the more specific statute. And I want to point out to one of the other cases, and I think this is interesting. I was rereading the Chin case. Chin is found at 48F 4th of 1101. In Chin, the government was making the arguments that we had made before this court in Mau Mau that the retroactivity of 403A and the stacking issues really was a 2255. And they rejected that argument. But what they said on page 1101, I think, is important. And here's why. There they said that Congress has provided in rejecting the government's argument that 2255 was the proper avenue. They said, Congress has provided a mechanism in 3582C1 that allows defendants to seek modification even if their sentences were not imposed in violation of the Constitution or federal law. So take the word not out of that and reread it. It would read that Congress has provided a mechanism in 3582C1 that allows defendants to seek modification even if their sentences were imposed in violation. They didn't say that. They said not. They knew the difference between the two and they could have easily said that it is open season on any issue, constitutional or otherwise. But they didn't say that and they had the opportunity to do that under the circumstances because it would have given guidance in an area that, quite frankly, is new to many of us. No one has really litigated 3582C1A cases as much as we have post-pandemic. And we are charting new territory, but when the defendants are asking these courts to graft on to 3582, 2255 cases rules, quite frankly, because we are dealing with an evidentiary hearing. And quite frankly, under 3582 and under Rule 43 of the Federal Rules of Criminal Procedure, a defendant is not even authorized to be present. So if you open this up to what they are asking for in the sense of a full-blown evidentiary hearing, you are going to have to turn these 3582 cases into 2255 evidentiary hearing matters when they're not even under the rules, are not even authorized to be present. Are you then going to require them to be present? Because it is, again, all of these cases are, as the court has said, extensions of sentencings. Sentencings are critical hearings. Are you then going to override Rule 43, require them to be present? And if they're not, is that an abuse of discretion? You can see all of the problems that exist when you allow defendants to bypass the more specific statutes and then require this court to have this very unbroadened or very broad and sort of unfettered discretion to determine what is compelling and extraordinary. Yeah, could you comment on United States versus Trankler, which is the First Circuit case? And I think it provides some support for Mr. Wesley's position. But we're starting to see these cases reach the circuit level. And they're going to be going various ways, I suspect. But I know I'll ask this also of Ms. Gassman, but is Trankler the best precedent out there in favor of the prisoner? Well, I didn't see Trankler. And if it is, could you kind of tell me where it went? I don't think Trankler went necessarily beyond where McCoy had gone. There is deep splits here amongst the circuits. Quite frankly, it is a little bit maddening from the perspective of being a litigator in this area of law, which we're dealing with on a daily basis anymore, because there is such a deep split. But I didn't really see Trankler as establishing this idea that you could largely, as you say, make this a mirage of a 2255, that you could just bring anything into. I don't think any of the courts have sort of gone afield of the idea that 3582c1 is designed to deal with post-sentencing matters, not trial matters. And it seems logical that that would be the case, because once these cases began to sort of emerge, and they emerged exponentially over the last two years, one would have thought that we would have seen these types of attempts to sort of get into 3582, these trial errors. We really haven't. It is post-sentencing in a sense, because the petitioner didn't have any knowledge of the supposed perjury until after several years of incarceration. Sure. And again, that still gets back to the issue of the more specific statute that must be utilized. Because again, to develop that issue, you would have to have an evidentiary hearing. There's really no chance of not developing this issue without an evidentiary hearing. And 3582 clearly is not designed to have evidentiary hearings in mind. That was the whole purpose of having the specific statute under the circumstances. What's the best circuit case that supports that particular argument, or generally the government's position? I think Hunter. Hunter. In the Sixth Circuit. Hunter is very clear. And I put in a footnote to talk about the more specific versus the general statute. The Hunter decision goes into great length about that. We certainly believe that that is the more controlling issue here for us. We do believe Hunter gives us the best argument to suggest to this court that you cannot allow the general statute to overcome the more specific 2255 statute under the circumstances. And I see that my time is out, unless the court has any further questions. Thank you, counsel. Greg, could you be up for two minutes, please? Thank you, Your Honor. All right. Let me try to address a few things. So first of all, now I'm interested to discover that the government's position is that 2255 is the more specific statute. Wish they had briefed that, because then we could have responded. But I believe that under this court's precedent, we don't get to the canon of the specific versus general unless you first find the statutes are in conflict. I think we have extensively set out how 3582 and 2255 are not in conflict. They serve different purposes, provide very different scope of relief for very different standards, and that they have to both be given effect as opposed to being in conflict. This idea that he should have filed a 2255-H position, I don't see how he could have done that. 2255-H, you can file a successive petition if there's a new rule of law. We don't have that. Or if there's new evidence bearing on your guilt. I forget exactly what the term is, but basically that a fact finder would not find you guilty. We don't have that. He pleaded guilty. He's never tried to take back his plea. He's never questioned the validity of his plea. He just simply has not sought to invalidate his conviction. Talking about the prosecutor's conduct and how that conduct related to the fairness of his sentence does not turn his motion into one that seeks to invalidate the conviction. He just has never done that. He hasn't done that. If he wanted to do that, he would have to do it under 2255. That's not what he's doing. I do want to talk about Hunter. We've talked about Hunter in the briefing, too. And the government has never acknowledged Hunter is directly contrary to McGee and Mau-Mau. No one has explained to me how this court could reject the primary holdings of Hunter, which is that courts can't consider non-retroactive legal changes under 3582 and can't consider facts that existed at the time of sentencing, like youth under 3582. That's what Hunter said. This court rejected those two things in McGee and Mau-Mau, specifically in Mau-Mau. Hunter's secondary reasoning was that non-retroactive legal changes have to be raised under 2255. So no one has explained to me how the court can reject the primary holding of Hunter and yet accept that secondary reasoning consistent with McGee and Mau-Mau. I see my time is up. Great. Thank you, counsel. Thank you. We appreciate the fine arguments in this case. It's a really interesting and difficult question. It was very well presented in a helpful way. You are excused, and the case is submitted.